IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>MONIQUE CLARK | Criminal Action No.<br><br>1:23-CR-307-JPB-CCB |

## **GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

The United States of America, by and through the undersigned counsel, files this supplemental sentencing memorandum to assist the Court in imposing a sentence in the above-captioned matter.

A federal grand jury indicted Defendant Monique Clark, who was a detention officer in the Fulton County Jail, for using excessive force on a pretrial detainee, in violation of 18 U.S.C. § 242.  (Doc. 1.)  Shortly after being indicted, Mr. Clark voluntarily met with the government and admitted his guilt.  A few months later, without filing any pretrial motions, Mr. Clark pled guilty to the sole count of the indictment pursuant to a negotiated plea agreement.  (*See* Docs. 21 and 21-1.)

Mr. Clark's sentencing commenced on June 26, 2024.  (Doc. 29.)  After hearing arguments from the parties regarding application of the U.S. Sentencing Guidelines, the Court on June 27, 2024, found that Mr. Clark's total offense level was 22 and his criminal history category was I (due to an absence of prior

convictions), resulting in a recommended Guidelines range of 41-51 months. (*See* Doc. 30.)

Both parties then jointly recommended a sentence of 33 months' imprisonment—the equivalent of a 2-level downward departure or variance—based, in part, on Mr. Clark's rapid and complete acceptance of responsibility and to avoid unwarranted sentencing disparities. The Court, however, notified the parties that it was considering *sua sponte* varying upward from the Guidelines to impose a 60-month sentence. The Court then adjourned the sentencing until August 7, 2024, to afford the parties an opportunity to submit additional briefing regarding an appropriate sentence.

## Discussion

The government urges the Court not to vary upwardly and instead to impose a 33-month sentence. In addition to the reasons stated in the government's sentencing memorandum and during argument before the Court, two additional considerations weigh in favor of the parties' jointly recommended sentence. First, a 33-month sentence provides adequate general deterrence and is consistent with sentences imposed on similarly situated § 242 defendants in the Northern District of Georgia. Second, an above-Guidelines sentence in this case could impair the government's ongoing efforts to robustly enforce our federal criminal civil rights laws in this district by discouraging future defendants from following Mr. Clark's path of rapid acceptance of responsibility and could thereby diminish the effectiveness of the government's overall enforcement effort in the region.

1. **An above-Guidelines sentence would create an unwarranted sentencing disparity in this District.**

A review of sentences imposed on law enforcement officers convicted of excessive force offenses in the Northern District of Georgia confirms that a 33-month sentence is appropriate. The review also raises the concern that an above-Guidelines sentence would create a sentencing disparity with other defendants.

The following cases resulted in sentences below (often significantly below) 33 months of incarceration:

- In *United States v. Justin Newkirk*, 1:23-CR-371, after a guilty plea, the court imposed a sentence of **probation** on a USP-Atlanta correctional officer who repeatedly pepper sprayed an unresisting inmate and then filed a false report.
- In *United States v. Victor Hill*, 1:21-143, after a jury conviction, the court imposed a sentence of **18 months** on a sheriff who tortured six pretrial detainees on six separate occasions by strapping them into restraint chairs with their hands cuffed behind their backs for four to ten hours for no justifiable reason. All the victims endured severe pain, several urinated on themselves while in the chair, and some have lasting injuries and/or scars to this day.
- In *United States v. Gregory McLeod*, 1:17-CR-411, after a guilty plea, the court imposed a sentence of **20 months** on a USP-Atlanta correctional officer who repeatedly punched a compliant and nonthreatening inmate in the face and then filed a false report about the incident.

- In *United States v. John Fletcher*, 1:17-CR-191, after a guilty plea, the court imposed a sentence of **18 months** on a USP-Atlanta correctional officer who shoved an inmate against the wall, knocked him to the floor, and then punched and elbowed him without justification.
- In *United States v. Dwight Hamilton*, 1:15-CR-240, after a guilty plea, the court imposed a sentence of **12 months** on a jail guard who repeatedly tased a detainee without justification.
- In *United States v. Denita Shaw*, 1:09-CR-532, after a guilty plea, the court imposed a sentence of **3 months** on a detention officer who repeatedly struck an inmate on his head with a plastic milk crate without justification.
- In *United States v. Earl Glenn*, 1:09-CR-200, after a guilty plea, the court imposed a sentence of **probation** on a detention officer who repeatedly kicked a restrained inmate without justification and lied to the FBI but later cooperated with the government.
- In *United States v. Robert Hill, Jr.*, 1:09-CR-199, after a jury conviction, the court imposed a sentence of **12 months and 1 day** on an officer who repeatedly struck and bloodied an inmate without justification, filed a false report, encouraged others to lie, and lied to the FBI.
- In *United States v. Curtis Brown, Jr.*, 1:09-CR-134, after the jury acquitted the defendant of using excessive force but convicted him of filing a false report, attempting to influence a witness, and lying to the FBI, the court imposed a sentence of **27 months**, finding that the officer, who had been accused of

punching a handcuffed inmate multiple times about his head and face, had used inappropriate force.

- In *United States v. John Lowe*, 4:09-CR-20, after a guilty plea, the court imposed a sentence of **21 months** on a detention officer who, without justification, repeatedly punched and bloodied an inmate's face while the inmate was strapped in a jail restraint chair.

In contrast, the government is aware of only one § 242 conviction in this District in the last 15 or so years that resulted in a sentence above 33 months. In that case, *United States v. Trevor King*, 1:16-CR-415, the defendant Atlanta police officer repeatedly beat an unresisting shopper with a metal baton because the officer wrongly suspected the victim of shoplifting a tomato. As a result of the beating, the victim suffered a compound fracture and an arterial bleed in his leg, which required emergency surgery and several days of hospitalization. The officer then falsely charged the victim with assaulting a police officer, which caused the victim to be transferred from the hospital to the Fulton County Jail where he was wrongfully detained for two more days. After a jury convicted the officer, the court imposed a sentence of 60 months.

Beyond this District, three other cases in this Circuit further illustrate circumstances under which courts have imposed sentences above 33 months in cases involving excessive force by law enforcement officers:

- In *United States v. Mohammad Jenkins*, 2:23-CR-30 (NDAL), the defendant, a senior supervisor at an Alabama state prison, pled guilty to carrying out a prolonged beating of a restrained inmate. Over the course of approximately

5

five minutes, the defendant went in and out of the victim's cell several times, assaulting him with a multitude of different weapons, including pepper spray, a metal can, and a shoe. After the defendant pled guilty, the court imposed a sentence of 87 months.

· In *United States v. Patrick Sharpe, et al.*, 7:20-CR-54 (MDGA), the defendant, a Sergeant at Valdosta State Prison, carried out a premeditated retaliatory assault on an inmate after escorting him to a location he knew to be out of view of the prison's surveillance system. After the defendant pled guilty, the court imposed a sentence of 48 months.

· In *United States v. Baxter*, 5:17-CR-26 (NDFL), the defendant was accused of participating in a three-officer ambush beating of an inmate. He went to trial and was acquitted of the civil rights violation but was convicted of writing a false report alleging that the victim had been the first aggressor. The court imposed a sentence of 60 months after finding that the defendant's testimony at trial had been perjurious.

Here, Mr. Clark's crime was serious and inexcusable. Without justification, he strangled into unconsciousness a restrained, non-threatening detainee. But his conduct is more similar to the officers sentenced to less than 33 months' imprisonment than those sentenced to more. Like Mr. Clark, all of the officers above in the former category, other than Victor Hill, assaulted a single prisoner without justification. And unlike Mr. Clark, several of those officers filed false reports and/or lied to cover up their actions. Also unlike Mr. Clark, several of those officers went to trial rather than quickly accepting responsibility. As for

Victor Hill, while his conduct—torturing six detainees—was arguably more severe than any of these other defendants, he too received a sentence significantly lower than 33 months. To be sure, the government advocated for longer sentences in several of these cases, but the requested 33-month sentence here would be longer than any of the other cases, much longer than many of them.

In contrast, the only officer sentenced to more than 33 months in this District in over a decade, Trevor King, savagely beat an innocent shopper, inflicted serious injuries that included a compound fracture and an arterial bleed in the victim's leg that required surgery, and falsely charged the victim with a crime, which caused the innocent victim to be incarcerated while recovering from the surgery. Even under these extreme facts, and where Mr. King did not accept responsibility, the court sentenced him to 60 months' imprisonment. Mr. Clark does not deserve the same sentence as Mr. King. Nor does Mr. Clark's conduct deserve as long a sentence as the defendants in *Jenkins*, *Sharpe*, and *Baxter* received in our sister Districts.

This Court should sentence Mr. Clark to 33 months in prison. Such a sentence provides sufficient but not greater than necessary punishment for Mr. Clark's actions. Moreover, because such a sentence would be the second longest imposed in a § 242 case in this District in 15 years, it would provide adequate general deterrence to other law enforcement officers.

## 2. An above-Guidelines sentence could discourage future civil rights defendants from accepting responsibility early and cooperating with the government.

The Northern District of Georgia is one of the country's most active districts for criminal civil rights enforcement. The FBI's Atlanta Division houses a large Civil Rights and Public Corruption Task Force, and the United States Attorney's Office, in partnership with the Civil Rights Division, prosecutes a large number of law enforcement misconduct cases relative to many other districts. The Southern and Middle Districts of Georgia also handle criminal civil rights matters at an annual volume substantially above the national average.

As discussed in the government's initial Sentencing Memorandum, law enforcement misconduct is difficult to detect and even more difficult to prove beyond a reasonable doubt. And regardless of evidentiary strength, cases in which a trusted servant of the community is accused of abusing a suspect who has been, or is suspected of having been, involved in criminal activity often pose significant litigation risk. As a result, excessive force trials are particularly resource intensive. When a civil rights defendant notifies the government early of his intention to accept responsibility and plead guilty (as did Mr. Clark), he directly facilitates the investigation and prosecution of other similar offenses that would likely go undiscovered or unprosecuted without the resources thereby made available. Fortunately, offenses like Mr. Clark's are rare when viewed as a fraction of the hundreds of thousands of arrests and bookings that occur nationally in a year. However, even a tiny percentage of that number amounts to hundreds of incidents annually that merit investigation or prosecution.

Imposing an above-Guidelines sentence on Mr. Clark would send a message to future defendants and defense counsel in similar cases that there is little or no benefit to accepting responsibility and thereby enabling the government to divert resources to those numerous other matters. If an accused law enforcement officer faces a sentence following a rapid plea that is similar to what they would receive following a trial, it would only be rational for the officer to take their chances with a jury that may understandably feel more hesitation to convict an officer than it would to convict a defendant in a different type of case. To be sure, the Sentencing Guidelines already account for a portion of this dynamic by providing a 2- or 3-point offense level reduction to any defendant who accepts responsibility. But the Guidelines do not account for the unfortunate but inescapable fact that "rolling the dice" at a jury trial will often be a more appealing option for an accused law enforcement officer than for other criminal defendants.

## Conclusion

For the foregoing reasons, this Court should not upwardly depart and should instead impose the jointly recommended sentence of 33 months' imprisonment.

Ryan K. Buchanan
   *United States Attorney*

/s/ Bret R. Hobson
   *Assistant United States Attorney*
Georgia Bar No. 882520
Bret.Hobson@usdoj.gov

/s/ Brent Alan Gray
   *Assistant United States Attorney*
Georgia Bar No. 155089
Brent.Gray@usdoj.gov

600 U.S. Courthouse
75 Ted Turner Drive S.W.
Atlanta, GA 30303

Kristen Clark
   *Assistant Attorney General*

/s/ Alec Ward
   *Trial Attorney*
District of Columbia Bar No. 1781142
Alec.Ward@usdoj.gov

U.S. Department of Justice
Civil Rights Division, Criminal Section
150 M Street NE
Washington, DC 20002

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

> Devin Austin Rafus
> Manubir S. Arora
> Arora Law Firm
> 75 West Wieuca Road NE
> Atlanta, GA 30342
> devin@arora-law.com
> manny@arora-law.com
>
> *Attorneys for Defendant Monique Clark*

August 1, 2024

    /s/ BRET R. HOBSON
    BRET R. HOBSON
    *Assistant United States Attorney*